EDWIN N. ELY v. COMMISSIONER OF STATE LAND-OFFICE.

*Cancellation of land warrants—"Assigns."*

Where the Commissioner of the General Land-Office assumed to cancel a location of lands and tendered back the warrants on which the land had been located, the act of the holder in receiving back the warrants without objection and in using them to locate other lands amounted to such an acquiescence in the cancellation as would preclude him or his assignee from thereafter relying on the original location as a step in the proceedings necessary to entitle them to a certificate of the purchase of the land first selected.

Comp. L., § 3991 provides that the "assigns" of any purchaser of United States lands whose purchase has been cancelled on the ground that they were swamp lands can buy them from the State on presenting his certificate of purchase and cancellation before the

State has disposed of them. *Held* that this means only the " assigns " of the purchaser's *ownership or supposed ownership in the land itself,* and not of a mere interest incident to the option remaining in the purchaser.

An assignment requires the existence of some substantial interest to be assigned.

Mandamus. Submitted June 20. Denied June 27.

*Cobb & Ely* and *C. I. Walker* for relator.

*S. F. Seager* for respondent J. H. Moores, a claimant of the land, referred to Comp. L. § 3910 as modifying the effect of § 3991 and cited *Fletcher v. Pool* 20 Ark. 103; *Branch v. Mitchell* 24 Ark. 441; *Dale v. Turner* 34 Mich. 405.

GRAVES, C. J. The present hearing is on the answer of the commissioner to a rule to show cause why he ought not to be required to grant the relator a certificate of purchase for the north-west quarter of section fifteen, in township four north, of range six west, being swamp land embraced by the Act of Congress of September 28, 1850.

The case shows the existence of conflicting claims, but whether they are good or bad is not material here. The application may be disposed of on its own merits and without reference to other claims. And for the purpose of decision it is enough to rest on a single ground without adverting to others which point to the same result. The relator is assignee of Horatio I. Lawrence, of whom he received an assignment in February last, and whatever title to relief he has depends on the case of his assignor. Unless the latter had some right at the time he assigned, the relator has none.

The case of Lawrence is substantially this : May 15, 1852, he located this land at the land-office in Ionia by means of two United States land-warrants numbered respectively 10,614 and 26,823. And in October, 1853, the land-officer at Washington assumed to cancel the location on the ground that the Act of September, 1850, had set the land apart as

swamp land. The officer returned the warrants and Lawrence accepted them and in January, 1854, he relocated them on other land. The present contention is based on the claim that the location made in May, 1852, operated to appropriate the land and that the events subsequent were insufficient to impair the appropriation.

The validity of this position cannot be admitted. Had the relator's assignor insisted on the location and refused to yield to the proceeding to cancel it, a. different question would be presented. But he did not. He had taken the incipient steps to obtain a full title. But these steps, however right in themselves and however sufficient if they were operative to that end, to entitle him to demand the title, were not understood as conferring it, or as irrevocably binding it. The officer of the land-office denied his right to the title and he acquiesced. The former tendered back the land-warrants, which were the locative instruments, and likewise the consideration, and Lawrence accepted them and finally applied them to other lands. The act of appropriation in question was by these means actually revoked, and now after thirty years of non-claim the relator as assignee of Lawrence contends that the land is still bound. The contrary seems clear to the Court. The land was effectually released from the operation of the locating warrants and set wholly free, and as there was no right in Lawrence his assignment conveyed none to the relator.

The writ is denied with costs against the relator.

The other Justices concurred.

Afterwards, at the October term of 1882, the relator moved for a rehearing. Motion submitted October 3. Denied October 31.

*Cobb* for the motion.

*Seager* against.

GRAVES, C. J. The ground taken in the opinion already

given is conceded to be accurate, but the learned counsel argues that it misses the true point of the relator's claim. His rights, if any, it is said spring entirely from the State Act of February 13, 1855, and it is expressly admitted that unless he has brought himself within the provisions of that statute he has no standing in court.

The following propositions are laid down:

"1st. The lands had been purchased by Lawrence as government lands at a U. S. Land Office in this State."

"2d. Such purchase had been afterwards set aside and cancelled in consequence of the lands so purchased being swamp lands."

"3d. The purchaser or his assignee has, before the lands had been offered for sale by the State or sold to any other person, presented a certificate of such purchase and cancellation from the Register of the Land Office where such purchase was made, to the Commissioner of the State Land Office."

"4th. This entitles him to purchase the lands of the State at the price of one dollar and twenty-five cents per acre."

In view of the former opinion and of the present argument for relator it is best to quote that part of the Act of 1855 upon which the case is now rested. It provides:

"That in all cases where lands have been purchased as government lands at any of the United States Land Offices within the State of Michigan, and such purchase has afterwards been set aside and cancelled, in consequence of the lands so purchased having been found to be swamp lands, *the purchaser, his heirs, or assigns*, may at any time before such lands are offered for sale by the State, or before said lands are sold to any other person, on presentation of a certificate of such purchase and cancellation from the Register of the Land Office where such purchase was originally made, to the Commissioner of the State Land Office, be entitled to purchase such lands of the State, at the price of one dollar and twenty-five cents per acre, subject to the condition that such purchaser or purchasers shall not have any claim against the State for draining such land; and *such* land purchased of the United States shall not be offered for sale by the State until the expiration of two years from the passage of this act."

Now what persons are within these provisions? The statute answers: "*the purchaser, his heirs, or assigns.*"

No others are provided for. The relator is neither purchaser nor heir. He claims as "assignee" of the purchaser. Unless then he is shown to be in substance and reality the assignee of the purchaser, he has no standing, and it was the purpose of the former opinion to show that he was not. The character of assignee cannot be acquired unless there is something to be assigned. In providing for the protection of an assignee of the purchaser, the law contemplated a right existing in the purchaser susceptible of assignment; a right springing from a defeated purchase and remaining outstanding, intact and unsatisfied; and not a right adjusted, closed up and fully settled, and, therefore, practically extinct.

After the purchase to which relator traces his claim was virtually superseded and done away with by the return and acceptance of the location warrants and their free application to other lands, the relator's assignor, Lawrence, was no longer the owner of any right in virtue of his original and canceled purchase. The effect was a transfer of his location to other lands, and to place him in the same position in point of law as though he had never made the prior location, and as there was nothing of substance existing in regard to the original purchase to be assigned, so there was nothing to confer on relator the character of a real assignee. He is not brought, therefore, within the statute.

But there is another ground which affords a conclusive answer to the present application, and it is this : in our opinion the relator is not an assignee of the purchaser within the meaning of the statute for the following reason : the statute in giving the right to the purchaser, his heirs or assigns, means clearly, we think, *heirs or assigns of the purchaser's ownership or supposed ownership in the land itself* and not in the bare phantom of an interest. If the land-purchase has been canceled in the purchaser's life time there is nothing to descend to heirs, and we have no idea the statute was intended to give to the mere option which might then remain in the purchaser an assignable quality.

The motion is denied with costs.

The other Justices concurred.